Witmer, J.
(concurring). I agree with much that is said in the dissenting opinion. I concur for reversal, however, particularly upon the ground that we cannot hold that there is no reasonable basis for the classification enacted by the Legislature in subdivision 6 of section 187 and section 386 of the Election Law. Qf practical necessity, the laws with respect to primary elections relate to primaries wherein only local designees are standing (or “ running ”) for election albeit, in some years, wherein State-wide designees are standing for election. Voters within a city or village embracing a part or all of more than one county may reasonably be expected to be acquainted with the party designees and issues within such city or village and so capable of continuing to participate intelligently in its primary election after moving within that political subdivision. On the other hand, voters in New York City or in Westchester County, for example, may not reasonably be expected to know the party designees or issues in Erie County, Steuben County or Oswego County to which they might move. *189 Thus, there is a reasonable basis for the time limitation of the classification in section 187 (subd. 2, par. [c]) as set forth in subdivision 6 thereof. The fact that in some instances the statute may lead to apparent unequal treatment of voters is not in itself decisive. Most legislation can be found to favor some and injure others. It is not the function of this court to review legislation which is reasonably based upon policy and matters of legislative judgment reasonably calculated to remedy conditions requiring correction.